IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 7, 2002 Session

## RALPH D. RICHARDS v. LIBERTY MUTUAL INSURANCE COMPANY

**Appeal by Permission from the Supreme Court Special Workers'
Compensation Appeals Panel
Chancery Court for Coffee County
No. 98-442      John W. Rollins, Chancellor**

_____

**No. M2000-01255-SC-WCM-CV - Filed March 26, 2002**

_____

We granted review in this workers' compensation case to determine whether the Special Workers' Compensation Appeals Panel erred in concluding that the evidence preponderated against the trial court's finding that the employee's injury did not arise out of and in the course of his employment. After reviewing the record and applicable authority, we conclude that the evidence did not preponderate against the trial court's finding that the employee's injury did not arise out of and in the course of his employment. We therefore reject the Panel's findings and conclusions and affirm the judgment of the trial court.

**Tenn. Code Ann. § 50-6-225(e); Findings of Fact and Conclusions of Law of
the Special Workers' Compensation Appeals Panel Rejected; Judgment of the Trial Court
Affirmed**

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and JANICE M. HOLDER and WILLIAM M. BARKER, JJ., joined. ADOLPHO A. BIRCH, JR., J., not participating.

Frank C. Lynch, Winchester, Tennessee, for the appellant, Liberty Mutual Insurance Company.

Gregory M. O'Neal, Winchester, Tennessee, for the appellee, Ralph D. Richards.

**OPINION**

**Summary of Proof**

The employee, Ralph D. Richards, age 43, was employed by B.F. Goodrich for over twenty years and at the time of the alleged injury worked in the maintenance department. Richards testified that sometime in the spring of 1998, he was working the second shift, *i.e.*, 3:30 p.m. to midnight, when he tried to lift a large wooden door near the tow motor shop. He said that when he bent over at the waist to grab the door handle, he injured his back and fell to the floor. According to Richards, the shift supervisor, John Davidson, saw him moments after the injury occurred. He said he worked the remainder of his shift following the injury, although he tried to take it easy. Richards testified that he had never had a similar injury, other than muscle pulls, and that he thought that the injury would get better after a few days.

Richards testified that a couple of weeks after the door lifting incident, he injured his hip and leg when he fell into a coolant tank at work. He also said that he did not decide to see a doctor until several weeks later when he injured his back while trying to put on a swimsuit.

Richards further testified that he could not identify the exact date that the injury occurred and agreed that although his complaint alleged that the injury occurred on May 15, 1998, while lifting a metal object, he could not recall hurting his back while lifting a metal object. Moreover, Richards admitted that he had made a prior statement that the coolant tank incident occurred in late March or early April of 1998, and that it occurred *after* the injury from lifting the door. Finally, Richards acknowledged that he did not tell Dr. Richard Cole, his physician, or Dr. Lana Cook, a chiropractor, that he had suffered a work-related accident and that he never filed a written injury report with his employer.

James Bowers testified that he saw Richards hurt his back while trying to lift the large door near the tow motor room.[1] He could not recall the precise date the incident occurred, but he believed it took place while he and Richards were working second shift after the employee supper break. He testified that the shift supervisor, John Davidson, saw that Richards had been injured and that he told Davidson that the door needed to be replaced. Bowers said that he had made similar complaints about the door to other supervisors on prior occasions. He agreed that he and Richards had been both work and social friends for twenty years.

On May 26, 1998, Richards went to the office of Dr. Cole[2] and told Cole's assistant that he "had been hurting for a few weeks" and that he had hurt his back while stepping into a swimsuit. Cole advised Richards to take several days off from work and referred him to Dr. Cook, a chiropractor, whom Richards saw on several occasions. When Richards' pain persisted, Dr. Cole sent him for an MRI and referred him to Dr. Gregory Lansford, a neurosurgeon.

---

[1] Both Richards and Bowers testified that the door was approximately 16 feet wide and 12 to 14 feet high, with a handle near the floor and double-wound springs.

[2] Dr. Cole was Richards' physician and also an employer-approved physician.

Deborah Richards, the employee's wife, testified that her husband told her that he injured his back while lifting a door at work. She could not recall the exact date it occurred, nor how much time elapsed after the injury before Richards went to the doctor. She testified that her husband rarely complained and was reluctant to go to the doctor for any illness or injury.

The first witness for the defense was John Davidson, the maintenance supervisor, who testified that on April 28, 1998, he saw Richards wearing a back brace on a work project and inquired about whether he had hurt his back on the job. Richards responded "No, I don't know where I did it." Davidson testified that he had not previously seen Richards wearing a back brace, that he never saw Richards injure his back, and that he never received any information about Richards being injured while lifting a door or falling into a coolant tank.[3] Davidson also testified that it was his responsibility to fill out accident reports and that Richards had never reported a work-related back injury to him.

Continuing with the defense proof, Donna Fielding, human resources supervisor and registered nurse, testified that Richards never filed a complaint for a work-related injury of any kind in 1998, much less one stemming from the lifting of a door or falling into a coolant tank. In May, June, and July of 1998, she received numerous work excuse forms on behalf of Richards from Dr. Cole's office for an injury which was not identified as work-related.

Although Richards told Fielding that he hurt his back, he also told her that he did not know how or where the injury happened and that he may have hurt his back while putting on a swimsuit. Fielding said that she had no information that Richards claimed he suffered a work-related injury until she received a letter from Richards' attorney on July 17, 1998. She then completed a report stating that Richards had "lower back pain" and that the cause was "unknown." She testified that all employees received information on filing claims for work-related injuries and that the information was also posted in the workplace.

Fielding also introduced time sheets for April and May of 1998, which demonstrated that Richards and Bowers did not work the same shift during those months. She concluded that the large door near the tow motor room had been replaced in November of 1998 following a safety committee walk-through.

Finally, Dr. Gregory Lansford testified by deposition that on July 9, 1998, he examined Ralph Richards, who "presented with a history of back and radicular right leg pain which [Richards] stated began after pulling a heavy spring-loaded door at work." Dr. Lansford said that an MRI

---

[3] In response to Richards' testimony that he had fallen into a coolant tank about one month after they had been installed and that this occurred after the door lifting incident, Davidson introduced records indicating that the coolant tanks had been installed in March of *1997*.

revealed a ruptured disc consistent with complaints of back and leg pain[4] and, as a result, he performed surgery on July 31, 1998. Dr. Lansford said that Richards did "extremely well" following surgery and physical therapy, and he allowed him to return to work on October 14, 1998, with "common-sense" restrictions on lifting, bending, and stooping. Dr. Lansford testified that, based on the history he was given, the injury was work-related, and he assigned a ten percent impairment rating to the body as a whole.

The trial court dismissed the complaint after finding that Richards' back injury did not arise out of and in the course of his employment. The Special Workers' Compensation Appeals Panel disagreed, holding that the injury arose out of and in the course of employment and remanding for calculation of benefits.

We granted review to address these issues.

## Standard of Review

Our standard of review of factual issues in a workers' compensation case is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the trial court's findings, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (1999 & Supp. 2001); see Seals v. England/Corsair Upholstery Mfg. Co., Inc., 984 S.W.2d 912, 915 (Tenn. 1999). Our standard of review of legal issues is *de novo*. Tucker v. Foamex, LP, 31 S.W.3d 241, 242 (Tenn. 2000).

When the trial court has seen the witnesses and heard the testimony, especially where issues of credibility and the weight of testimony are involved, the appellate court must extend considerable deference to the trial court's factual findings. Seals, 984 S.W.2d at 915; see also Houser v. Bi-Lo, Inc., 36 S.W.3d 68, 71 (Tenn. 2001). In contrast, when medical proof is presented by deposition, the reviewing court may draw its own conclusions about the weight and credibility of the expert testimony since it is in the same position as the trial judge for evaluating such evidence. 984 S.W.2d 915; 36 S.W.3d at 71.

## Compensability

To be eligible for workers' compensation benefits, an employee must establish that he or she suffered an injury arising out of and in the course of his or her employment. Tenn. Code Ann. § 50-6-102 (12) (1999); see Houser, 36 S.W.3d at 70-71.

An injury occurs "in the course of" employment if it takes place while the employee was performing a duty he or she was employed to perform. 36 S.W.3d at 71. An injury "arises out of"

---

[4] Although the medical records indicated that Richards' pain had been ongoing for "eight months," Lansford said that the records should have noted "eight weeks."

employment when "there is apparent to the rational mind, upon a consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." Fink v. Caudle, 856 S.W.2d 952, 958 (Tenn. 1993). Stated another way, the "course of" requirement focuses on the "time, place and circumstances" of the injury, and the "arises out of" requirement refers to the "cause or origin" of the injury. Hill v. Eagle Bend Mfg., Inc., 942 S.W.2d 483, 487 (Tenn. 1997).

## Analysis

The principal issue in this case is whether Richards established that he suffered an injury arising out of and in the course of his employment.[5] The appellant, Liberty Mutual Insurance, argues that the trial court properly dismissed the claim after making the following findings:

> The bottom line . . . in this record, these witnesses testifying as they've testified from both sides, I think the plaintiff has failed in his burden of proof to establish that this injury occurred during the course and scope of his employment. I think it's just unfortunate, but I just don't think the plaintiff has carried his burden.

Richards, on the other hand, argues that the Panel made an independent examination of the evidence and properly determined that the evidence preponderated against the trial court's finding.

We note that the Panel's conclusion was largely based on the trial court's failure to make explicit findings regarding the credibility of the witnesses and upon the Panel's own determination that no other causes for the injury had been identified. As stated by the Panel:

> The only witnesses to the door lifting episode were [Richards] and James Bowers. The trial judge did not find that they were less than credible and, from our independent examination of the record, we cannot say that the trial judge should have discredited their testimony. Moreover, the record contains no evidence the episode did not occur, only that there is a discrepancy as to when it occurred. In addition, the undisputed expert medical evidence is the testimony of Dr. Lansford that the injury was causally connected to that occurrence.

(Emphasis added). In our view, however, the Panel did not give sufficient deference to the trial court's conclusions with respect to the sharply conflicted oral proof and substituted its judgment for the trial court's in the critical area of the credibility of the witnesses.

As this Court has repeatedly emphasized, a reviewing court must give "considerable deference" to the trial judge with regard to oral, in-court testimony as it is the trial judge who has viewed the witnesses and heard the testimony. See Houser, 36 S.W.3d at 71. This is particularly true when the credibility of the witnesses and the weight assigned to their testimony are critical issues. See Seals, 984 S.W.2d at 915. Moreover, because there is no requirement that a trial court make express findings of fact regarding a witness's credibility, the absence of such findings does not alter the applicable standard of review. Indeed, the trial court's findings with respect to credibility

---

[5] Although the appellant has also argued that Richards failed to provide timely notice of his injury, we need not address that issue in light of our decision.

and the weight of the evidence, as in the present case, generally may be inferred from the manner in which the trial court resolves conflicts in the testimony and decides the case. See Tobitt v. Bridgestone/Firestone, Inc., 59 S.W.3d 57, 62 (Tenn. 2001).

Our close review of the evidence indicates that Richards and Bowers testified that Richards injured his back while lifting a heavy door at work. Neither Richards, nor his wife, nor Bowers, however, could recall the date of the injury, although Richards' complaint alleged it was May 15, 1998, while lifting a metal object. This evidence conflicts with the testimony of John Davidson and Donna Fielding, both of whom testified that Richards told them he did not know how or where he had injured his back. As early as April 28th, Richards was wearing a back brace at work and told Davidson he did not know how he hurt his back. Davidson testified that Richards never informed him of a work-related back injury from lifting a door or by falling into a coolant tank and that he never completed an accident form for a back injury on behalf of Richards.

Fielding likewise testified that Richards never informed her of a work-related back injury and that he instead told her he may have injured his back while stepping into a swimsuit. She also testified that employment records showed Bowers and Richards worked different shifts during April and May of 1998, that all of the employees were educated as to the procedures for filing a work-related injury claim, and that Richards did not file such a claim for a back injury.

Although Dr. Lansford opined that the injury was work-related, he added that his opinion was based on the history given by Richards, which he presumed was truthful. The proof also indicated, however, that Richards did not tell the first doctors who saw him – Dr. Cole and Dr. Cook – that he had injured his back in a work-related incident.

In short, although there was no dispute that Richards suffered an injury to his back, we disagree with the Panel's assessment that the in-court testimony of the witnesses conflicted only with respect to *when* the injury occurred. On the contrary, our review indicates that the testimony sharply conflicted with respect to *how* and *where* the injury occurred. In such a case, the role of the trial judge, who has seen the witnesses and has heard their testimony first-hand, is to resolve the conflicts. In this case, the trial judge resolved the conflicts by finding that Richards had failed to carry the burden of proof of establishing that the injury arose out of and in the course of employment. We therefore conclude that the evidence in the record does not preponderate against the trial court's finding.

## Conclusion

After reviewing the record and applicable authority, we conclude that the evidence did not preponderate against the trial court's finding that the employee failed to establish that the injury arose out of and in the course of his employment. We therefore reject the Panel's findings and conclusions and affirm the judgment of the trial court. Costs are taxed to the appellee, Ralph D. Richards, for which execution shall issue if necessary.

-7-

_____

E. RILEY ANDERSON, JUSTICE