IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 24, 2008 Session

## TAMMY KEYMON ADAMS
v.
## ANTHONY D. ADAMS

Appeal from the Chancery Court for Gibson County (Trenton)
No. 17957      George R. Ellis, Chancellor

No. W2007-00915-COA-R3-CV  - Filed June 30, 2008

This is a divorce case. The parties began living together in 1998, and married in 2004. Some time before the marriage, the parties purchased a residential lot on which they constructed a home, financing the construction with a credit card in the wife's name. Title to the home was in the wife's name alone. The husband performed manual labor on the lot and the home during and after the construction. During the marriage, the parties operated a business that proved unsuccessful. The wife eventually left to start her own business in a different field. At approximately the same time, the wife filed for divorce. A trial ensued. The parties introduced evidence on the value of the home, various items of personal property, and a significant amount of credit card debt. After the close of the evidence, the trial court granted a divorce to the wife, and awarded the home and the debt associated with the home to her. It ordered the sale of some property and application of the proceeds to the parties' debt. The remaining debt was not classified as marital or separate and was not divided. The parties appeal. The husband argues that the trial court erred in not awarding him a share of the parties' business and the increase in value of the marital home. The wife argues that the trial court erred in failing to designate the assets and debts as marital or separate and to divide them between the parties. We affirm the trial court's decision not to award the Husband a share of the failed business or a share of the increase in value of the parties' home. We vacate the remainder of the judgment and remand for allocation of the personal property and the debt.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Vacated in Part; and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Lisa Armstrong Houston and Teresa A. Luna, Jackson, Tennessee, for the appellant, Anthony D. Adams

Cynthia Chandler-Snell and Barbara Hobock, Humboldt, Tennessee, for the appellee, Tammy Keymon Adams

**OPINION**

Plaintiff/Appellee Tammy (Keymon) Adams ("Wife") and Defendant/Appellant Anthony D. Adams ("Husband") met some time before 1998. They began living together in late 1998, and became engaged in 1999. On July 31, 2004, they were married. This was Wife's second marriage and Husband's third. No children were born of the marriage.

At some point during the marriage or shortly before, the parties started a corporation called Adams & Associates, which did business as Delta Investigations and provided private investigation services.[1] Both Husband and Wife participated in its operation, and purchased computers, office furniture, cameras, and other surveillance equipment for use in the business. Most of these purchases were financed by using credit cards in both parties' names. Adams & Associates was apparently not successful.

The home in which the parties lived during their long engagement and brief marriage was located on Atkins Street, Gibson, Tennessee ("Atkins Street property"). The deed of trust on this property is dated May 6, 2002. Husband's name was not listed on either the title or the deed of trust. The parties jointly owned another piece of real property on Rozelle Street in Gibson, Tennessee ("Rozelle Street property").[2]

In September 2005, Wife started a sole proprietorship known as Keymon Management Group. Wife's new venture did not involve private investigations and Husband did not participate in it.

On April 4, 2006, Wife filed a complaint for divorce in the Gibson County Chancery Court, alleging irreconcilable differences and inappropriate marital conduct. In her complaint, she listed only the Rozelle Street property as jointly-owned real property. Husband answered and denied any fault. He asserted in his answer that the Atkins Street property was also jointly owned.

On November 7, 2006, a bench trial was held before Chancellor George R. Ellis. The witnesses were Wife, Husband, Husband's mother, and a real estate appraiser.

Wife was the first witness, testifying initially about the parties' real property. She stated that the parties purchased the Rozelle Street property for $1,300, and said that the value at the time of trial was between $4,500 and $7,500. Wife testified that the title and the deed of trust to the marital home on Atkins Street were in her name alone. She explained that, at the time the lot was purchased, Husband's credit rating was poor. Wife said that she owed approximately $280,000 on the home, comprised of the initial debt reflected in the deed of trust and a home equity line of credit that was

---

[1]Wife testified at trial that Adams & Associates was incorporated, but the record contains no evidence of the ownership of the corporation.

[2]The Rozelle Street property was the subject of a lawsuit, also in the Gibson County Chancery Court, that was unrelated to the divorce proceedings. A third party filed a lawsuit asserting a lien on the property. At the time of the divorce trial, that litigation was still pending.

also solely in her name. Wife asserted that Husband had contributed nothing to the Atkins Street property that could have caused an increase in its value.

Wife also testified about the parties' debt. Approximately $78,731.31 worth of credit card debt was in Wife's name alone, incurred primarily to make improvements to the home, as well as to purchase surveillance equipment for the parties' private investigation business and meet everyday expenses. Some of the equipment was subsequently used in her sole proprietorship, and some remained in Husband's possession. A camper and a tractor were also purchased on credit in Wife's name only.

After Wife's testimony, Steve Shelton ("Shelton"), a real estate appraiser, testified as an expert witness about the Atkins Street home. After explaining the basis for his opinion, Shelton valued the property at $390,000.

Husband's mother, Pauline Adams, testified next. She asserted that Wife was in possession of several items of her personal property, including a lawn mower, a grass catcher, a weed eater, a tiller, and a vacuum cleaner.

After that, Husband testified, focusing primarily on the Atkins Street property. He testified that the parties purchased the lot prior to the marriage, and described the work that he performed on the lot and on the home. Husband said that he helped clear the lot in preparation for construction of the home, and assisted in the installation of sheetrock and the home security system, as well as wiring and painting. He testified that he dug the hole for the in-ground swimming pool. Husband said that he was not paid for any of this work, and asserted that it contributed to the increase in the value of the home. He opined that the house was worth $240,000 when built, and agreed with Shelton's appraisal of the home's value as of the time of trial at $390,000. Husband asked for an award of seventy percent of the increase in the value of the home.

Husband testified that he helped start Wife's new business, Keymon Management Group. He also alleged that, when she left, Wife interfered with the existing private investigation business by cutting off the fax machines, email address, and cell phone service.

Husband proffered an itemized list detailing the parties' personal property and proposing a division of the property that he considered to be marital. The list was introduced as an exhibit at trial. The list included estimated values of each article of alleged marital property, but no values for alleged separate property. Husband also testified that the credit card debt in his name totaled approximately $12,600.

After the conclusion of the evidence, the trial court issued an oral ruling. After granting a divorce to Wife on the grounds of inappropriate marital conduct, the trial court stated:

> The Court further finds that these parties married on 7/31 of 2004 but have lived together since 1999. And during this time, the parties have commingled their assets and debts to an extent that neither the parties nor their attorneys have been able

to decipher what was a debt or an asset prior to marriage or prior to their cohabitation.

Mr. Adams has asked for part of the existing – of the equity in a home at 723 Adkins [sic] Street in Gibson, Tennessee, that is in the name of Tammy Keymon, and Tammy Keymon owes a debt in her name only on the property in the amount of two hundred and eighty thousand four hundred and forty-five dollars and seventy-nine cents. Anthony D. Adams testified that he has enjoyed the benefit of this real estate from its being built until the date of the separation.

The Court finds that the real estate is the property of Tammy Keymon Adams, and she is ordered to still pay the indebtedness on the same and hold Anthony Adams harmless.

Parties cannot agree on the personal property, and the Court finds that the proof shows that the personal property of the husband prior to their marriage was all the property listed on page 3 that he submitted as an exhibit, deleting all items that he testified that he did not bring into the relationship.

The Court further finds that the wife's individual property shall be all items on page 4 of the same exhibit with the addition of any items which she should show proof that she had purchased prior to the marriage on 7/31/04 which were made part of Collective Exhibit 11. All other items of personal property shall be sold with the exception of the John Deere lawn mower, the Stihl weed eater, the garden tiller, the John Deere sweeper, and the Rainbow vacuum cleaner which are the property of [Husband's mother].

Subsequently, the trial court's oral ruling was put into a written order, stating essentially the same as the oral ruling. In the written order, the proceeds from the sale of "all other items of personal property" were to be applied "to the parties['] debts as listed on Exhibit 9 with exception of BancorpSouth debt."[3]

Thus, the trial court awarded Wife the Atkins Street property as well as the accompanying debt. It made no finding on the ownership of the Rozelle Street property. As to the personal property, it awarded Husband "all property listed on page 3 deleting all items that he testified were purchased after marriage." The trial court awarded Wife "all items on page 4 with addition of any items which she shows proof that she bought prior to July 31, 2004 made collective exhibit 1 through 7." Any other property was neither described nor delineated, but was nevertheless ordered sold. Aside from the debt on the Atkins Street property, there were no findings on how much of the parties' considerable debt was separate or marital, and no allocation of responsibility for payment of the debt. Husband and Wife both appeal the trial court's order.

On appeal, Husband argues that the trial court erred in not awarding him an equitable share of the value of the private investigation business, Adams & Associates, in distinguishing between separate and marital assets, and in dividing the marital estate. Husband takes particular issue with the trial court's ruling on the Atkins Street property. Wife asserts on appeal that the trial court erred

---

[3]The BancorpSouth debt was the debt associated with the Atkins Street property.

in failing to designate the parties' debts and assets as either marital or separate property and to divide the debts and assets between the parties.

As the proceeding below was a bench trial, we review the trial court's findings of fact *de novo*, with a presumption of correctness, "unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d); *see also Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 28-29 (Tenn. 1996). We review the trial court's conclusions of law *de novo* with no such presumption. *Campbell*, 919 S.W.2d at 28-29. The trial court's findings with regard to separate and marital property in a divorce case will be reviewed as any other finding. *Owens v. Owens*, 241 S.W.3d 478, 485 (Tenn. Ct. App. 2007), *perm. app. denied* (Sept. 17, 2007). However, the trial court is afforded wide discretion in its equitable division of the marital property, and its distribution will be given "great weight" on appeal. *Ford v. Ford*, 952 S.W.2d 824, 825 (Tenn. App. 1997). The trial court's division of marital property will not be disturbed on appeal unless we find "that the distribution lacked proper evidentiary support or results from either an error of law or a misapplication of the statutory requirements." *Id.* (citing *Thompson v. Thompson*, 797 S.W.2d 599, 604 (Tenn. Ct. App. 1990)).

We first address Husband's contention that he should have been awarded an equitable share in the parties' private investigative business, Adams & Associates. Husband argues that the business was a partnership, and maintains that he should have received an award compensating him for Wife's "usurpation" of his partnership interest. However, he points to no evidence in the record on the value of Adams & Associates as a going concern, and we have found no such evidence. Therefore, we decline to modify the trial court's implicit ruling that the business had no value as a going concern. Items of personal property associated with the business, including office furniture and surveillance equipment, are addressed below in this Opinion.

Husband argues that the trial court erred in awarding the Atkins Street property to Wife, and in failing to award him a portion of its increase in value. He argues that the property should be considered marital or, in the alternative, that the increase in value of the Atkins Street property should have been considered marital property, that his manual labor substantially contributed to the increase in value, and, accordingly, that he should have been awarded an equitable share of the increase.[4]

In Tennessee, marital and separate property are defined by statute. T.C.A. § 36-4-121(b)(1), (b)(2) (2005). Marital property is "all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce . . . ." *Id.* § 36-4-121(b)(1)(A). Marital property also includes "any increase in value during the marriage of [] property determined to be separate property in accordance with subdivision (b)(2) if each party substantially contributed to its preservation and appreciation . . . ." *Id.* § 36-4-121(b)(1)(B). Separate property, on the other hand, is "[a]ll real and personal property owned by a spouse before marriage . . . ." *Id.* § 36-4-121(b)(2)(A). It also includes "appreciation of property

---

[4]Husband apparently does not appeal the trial court's allocation to Wife of the debt associated with the Atkins Street property.

owned by a spouse before marriage except when characterized as marital property under subdivision (b)(1)." *Id.* § 36-4-121(b)(2)(C).

In awarding the Atkins Street property, along with the debt associated with the property, to Wife, the trial court made an implicit finding that Husband did not substantially contribute to the increase in value of the property. *See* T.C.A. § 36-4-121(b)(1)(B), (b)(2)(C). While Husband testified about his considerable contributions, Wife disputed this testimony. The trial court apparently credited Wife's testimony on this issue. "[B]ecause there is no requirement that a trial court make express findings of fact regarding a witness's credibility, the absence of such findings does not alter the applicable standard of review." *Richards v. Liberty Mut. Ins. Co.*, 70 S.W.3d 729, 733-34 (Tenn. 2002). We give "considerable deference" to a trial court's determination with regard to witness credibility. *Id.* Based on the record before us, we do not see a basis for overturning the trial court's implicit credibility determination on this issue. The trial court's award of the Atkins Street property to Wife is affirmed.

Wife argues on appeal that the trial court erroneously failed to designate much of the parties' property and debts as either marital or separate, and failed to allocate the property and debts to either party. We agree.

"The dissolution of a marriage requires the courts to engage in the orderly disentanglement of the parties' personal and financial affairs." *Anderton v. Anderton*, 988 S.W.2d 675, 679 (Tenn. Ct. App. 1998). After resolving that the parties should be divorced, "[t]he trial court's first task . . . is to identify and distribute the parties' separate property and then to divide their marital property in an equitable manner. As part of this process, the trial court should also identify and allocate the parties' separate and marital debts." *Id.* (internal citations omitted). "Trial courts have not completely divided a marital estate until they have allocated both the marital property and the marital debt." *Owens*, 241 S.W.3d at 490 (citations omitted); *see also* T. C. A. § 36-4-121(a).

In this case, at the outset of its decision, the trial court correctly observed that the parties comingled essentially all of their assets and debts prior to the marriage. It then clearly designated the Atkins Street property as Wife's property, whether as her separate property or as a division of marital property, and allocated the debt associated with the property to Wife. After that, the trial court's order becomes less clear.

Husband's property (either separate or as a division of marital property) was described as "all property listed on page 3 deleting all items that he testified were purchased after marriage."[5] Wife's property (either separate or as a division of marital property) was described as "all items on page 4 with addition of any items which she shows proof that she bought prior to July 31, 2004 made collective exhibit 1 through 7."[6] The items belonging to Husband's mother were named specifically. Beyond that, no property was designated either marital or personal; it was simply ordered sold. The

---

[5] We assume that "page 3" refers to the itemized list of the parties' personal property, proffered by Husband at trial, indicating Husband's view of which items were separate property and which were marital.

[6] We assume that "page 4" again refers to the list of personal property proffered by Husband at trial.

proceeds from the sale of these unnamed items of property were then to be applied to "the parties' debts as listed on Exhibit 9" except for the debt associated with the Atkins Street property. The parties' debts were not designated as either marital or separate, nor were they allocated to either party. A cursory review of the personal property at issue, compared to the substantial debt accumulated by the parties, leads to the inevitable conclusion that the proceeds of any sale would not nearly pay off the debt. The order makes no provision for this possibility. Finally, the only mention of the Rozelle Street real property is the trial court's observation in its oral ruling that it was "not really anxious to make a decision on property that subject to a dispute in the court without information of what's going on" in the pending lien litigation.

Without a designation of property and debt as either marital or separate, or division of property and debt between the parties, it is not possible for this Court to evaluate the trial court's decision in light of applicable legal standards.[7] *See Owens*, 241 S.W.3d at 485-86.

More importantly, the absence of findings and conclusions on the nature of the property and its allocation leaves the parties without the thing they most need: a decision. Certainly the proof proffered by the parties in this case was no model of clarity and completeness. This is often the case, for myriad reasons. Nevertheless, the trial court in a divorce case must divide the parties' assets and obligations in a manner that resolves their differences and allows them to move forward separately. This is the court's privilege and its responsibility. The order in this case fails in that essential function.

Therefore, we must remand the case to the trial court for further proceedings. On remand, the trial court should classify the parties' property and the parties' debts as either marital or separate. The marital property should be valued where the evidence permits such valuation. The marital property and debts should then be divided between Husband and Wife.

On remand, the trial court may, in its discretion, order marital property sold, either to facilitate its division between the parties or to satisfy marital debt. T.C.A. § 36-4-121(a)(3). Such discretion, however, should be exercised with wisdom. It makes little sense, for example, to order the sale of items whose value is largely sentimental, or where the sale of things such as minor household items would result in negligible proceeds while necessitating that the parties spend substantial monies to replace the items.

In sum, the trial court's grant of divorce to Wife and the restoration of her former name was not appealed. The trial court's finding that certain items belonged to Husband's mother was likewise not appealed. The trial court's allocation of the Atkins Street property and its associated debt to Wife is affirmed. The refusal to award Husband an equitable share of Adams & Associates is also affirmed. The remainder of the trial court's order is vacated and the case is remanded to the trial

---

[7]After classifying the parties' property as either marital or separate, the trial court should place a reasonable value on each piece of property. *Owens*, 241 S.W.3d at 486. However, the parties are obligated to come forward with competent valuation evidence. *Id.* In this case, Husband assigned values to the items of personal property that he asserted were marital; items that he considered to be separate property were listed but not valued. Wife submitted virtually no evidence as to the value of the parties' marital property, leaving Husband's values of claimed marital property uncontested.

court for any further necessary proceedings, and for findings and conclusions in accordance with this Opinion.

The decision of the trial court is affirmed in part, vacated in part, and remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are taxed to Appellant Anthony D. Adams, and his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE