# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 3, 2008 Session

## GREGG BOLES
### v.
## TIMOTHY MOORE and MOORE FAMILY MEDICINE, PLLC

**Appeal from the Circuit Court for Rutherford County**
**No. 55149      Royce Taylor, Judge**

_____

**No. M2007-02513-COA-R3-CV - Filed December 30, 2008**

_____

This is a construction case. The plaintiff filed an action in general sessions court to collect money that he alleged that the defendants owed him under a construction contract. The general sessions court entered a judgment in the plaintiff's favor, and the defendants appealed to the circuit court. The circuit court also entered a judgment in favor of the plaintiff. After the circuit court denied the defendants' motion for a new trial, the defendants appealed. We affirm, finding that the evidence does not preponderate against the trial court's findings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Tony L. Maples, Murfreesboro, Tennessee, for the Defendant/Appellant Timothy Moore and Moore Family Medicine, PLLC.

C. Tracey Parks, Lebanon, Tennessee, and Larry K. Tolbert, Murfreesboro, Tennessee, for the Plaintiff/Appellee Gregg Boles.

## MEMORANDUM OPINION[1]

_____

[1]**Rule 10. Memorandum Opinion**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

On January 12, 2007, Plaintiff/Appellee Gregg Boles[2] ("Boles") caused a civil warrant from the General Sessions Court of Rutherford County to be issued against Defendants/Appellants Timothy Moore and Moore Family Medicine, PLLC (collectively "Moore") to collect $17,225.22 that Boles alleged Moore owed him under a construction contract to build-out an existing building for a medical practice. In response, Moore filed a counterclaim, alleging breach of contract and breach of warranty. The General Sessions Court held a trial and on March 13, 2007 entered a judgment in favor of Boles in the amount of $9,000. The General Sessions Court also dismissed Moore's counterclaim.

Moore appealed the decision of the General Sessions Court to the Circuit Court of Rutherford County. On August 16, 2007, after a bench trial, the Circuit Court entered a judgment in favor of Boles. The Circuit Court determined that Boles was entitled to damages in the amount of $17,225.22, less a setoff of $1,538.00 for materials provided by Moore and for unfinished work. Boles was also awarded $1,418.30 in prejudgment interest. Therefore, the Circuit Court awarded Boles a total judgment of $17,105.52. On August 30, 2007, Moore filed a motion for a new trial. The Circuit Court denied Moore's motion for a new trial on October 5, 2007. Moore then filed his appeal to this Court.

Moore raises two issues on appeal. First, Moore asks us whether the trial court erred in finding that Boles had not breached any implied warranties. Second, Moore asks us whether the weight of the evidence is against the trial court's decision.

Because this case was tried by the trial court sitting without a jury, we review the trial court's findings of fact *de novo* upon the record with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); **White v. Early**, 211 S.W.3d 723, 737 (Tenn. Ct. App. 2006) (citation omitted). We give "considerable deference" to a trial court's determinations with regard to witness credibility. **Richards v. Liberty Mut. Ins. Co.**, 70 S.W.3d 729, 733 (Tenn. 2002) (citations omitted). Questions of law are reviewed *de novo* with no presumption of correctness. **S. Constructors, Inc. v. Loudon County Bd. of Educ.**, 58 S.W.3d 706, 710 (Tenn. 2001) (citations omitted).

Moore argues that Boles breached the implied warranties in the construction contract. **See Dixon v. Mountain City Constr. Co.**, 632 S.W.2d 538, 541 (Tenn. 1982). He directs our attention to photographs that were made exhibits at trial to demonstrate that the build-out was not "constructed in a workmanlike manner." Moore also argues that these photographs support his contention that the trial court's decision is against the weight of the evidence.

We have carefully reviewed the appellate record, including the photographs noted by Moore. Giving appropriate deference to the credibility determinations made by the trial court with regard to the experts and other witnesses, we cannot say that the evidence preponderates against the trial

---

[2] The spelling of Mr. Boles' first name is inconsistent throughout the record. It is spelled as both "Greg" and "Gregg."

court's implicit finding that Boles did not breach any implied warranties, or against the trial court's ultimate decision.

The decision of the trial court is affirmed. The costs of this appeal are taxed to the appellants Timothy Moore and Moore Family Medicine, PLLC, and their surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE